## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| WESTLAKE STYRENE, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-2631 |
| | § | |
| UNITED STATES OF AMERICA, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

### MEMORANDUM AND ORDER

Before the court in this interpleader action is a motion by plaintiff Westlake Styrene, LLC ("Westlake"), asking that it be discharged with prejudice from this lawsuit upon payment of the disputed funds ("Fund") into the court's registry.  Dkt. 21.  After review of the motion, the responses, the reply, and the applicable law, the motion is GRANTED IN PART AND DENIED IN PART.  Westlake will be permitted to pay the Fund into the registry of the court, and is DISMISSED from this lawsuit.  No party will be able to file any further claims against the Fund.

### BACKGROUND

Westlake filed an original interpleader petition in the 269th Judicial District of Harris County, Texas, on June 29, 2010, alleging that it had settled a lawsuit whereby it agreed to pay $1,490,000 to Compass Bank and/or Quality Contract Services, Inc. ("Quality").  Dkt. 1-1.  However, due to competing claims to any monies due and owing to Quality, Westlake sought to pay the Fund into the court registry and sought an order dismissing it from the action.  *Id.*

The United States of America removed the matter to this court on July 23, 2010, on the basis that the claim asserted by the Internal Revenue Service ("IRS") to the Fund invokes this court's federal question jurisdiction.  Dkt. 1.  Defendant Louisiana Crane filed its answer on July 30, 2010,

and asserted that it had a priority right to the Fund, although it did not assert a counterclaim against Westlake.  Dkt. 8.

Westlake now seeks an order permitting it to pay the Fund into the registry of the court, and discharging it from this suit with prejudice.  Dkt. 21.  Westlake seeks to be relieved of "any and all liability to the Claimants with respect to the subject matter of this interpleader action . . . ."  *Id.* at 7-8.  Defendants Compass Bank and the United States do not oppose the relief sought by Westlake. Dkts. 22, 23.

Louisiana Crane objects to Westlake's motion, and asserts that Westlake, along with Quality, improperly settled the underlying state court litigation without either obtaining Louisiana Crane's consent, or ensuring that a judgment Louisiana Crane obtained in Louisiana state court would be satisfied.  Dkt. 24 at 5-6.  Louisiana Crane contends that if it does not recover the full amount of its judgment from the Fund[1], it will assert a counterclaim against Westlake based upon Louisiana law.

## I.    Interpleader.

A traditional interpleader suit is an equitable action involving a disinterested plaintiff-stakeholder who either is, or may be, exposed to multiple liability or multiple litigation over an identifiable fund to which there are two or more mutually inconsistent claims.  *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 631 (5th Cir. 2002).  The purpose of interpleader is to enable the plaintiff, who is also the stakeholder, to avoid "the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing."  *Hussain*, 311 F.3d at 631 (citing *Texas v. Florida*, 306 U.S. 398, 412 (1939));  *White v. FDIC*, 19 F.3d 249, 251 (5th

---

[1]    The total claims against the $1,490,000 fund in this case amount to more than $13,000,000.

Cir. 1994) (defining interpleader as a "procedural device which entitles a person holding money or property, concededly belonging at least in part to another, to join in a single suit two or more persons asserting mutually exclusive claims to the fund").

Courts possess broad discretion in interpleader actions. *Rhoades v. Casey*, 196 F.3d 592, 600-601 (5th Cir. 1999). An interpleader action typically proceeds in two stages. First, the court decides whether the requirements for an interpleader action have been met by determining if there is a single fund at issue with more than one adverse claimant to that fund. *Id*. In this case, all parties concede that the elements of an interpleader action have been met. Second, if the court finds the interpleader action has been properly brought, it will then make a determination of the respective rights of the claimants. *Id*. The parties have not yet reached the second stage, but are now involved in a dispute concerning Westlake's status in this matter.

A stakeholder lacking an interest in the fund should be discharged from the action upon payment of the fund into the court registry. 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1714 (3d ed. 2010) ("When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested"). However, there is nothing preventing a party from asserting a counterclaim against a stakeholder in an interpleader action. "Once the stakeholder joins the claimants, a claimant may file a counterclaim against the stakeholder as an opposing party." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 881 (5th Cir. 1998). In fact, a counterclaim in an interpleader action may be compulsory if it arises from the same "transaction or occurrence" and could be subject to dismissal if not timely asserted. *Deshotel*, 142 F.3d at 882 (dismissing claim against insurer for negligence in processing change of beneficiary form on basis it was compulsory counterclaim in interpleader action). The assertion of a counterclaim against a stakeholder is an appropriate basis

3

for denying discharge.  See *Allstate Life Ins. v. Short*, 2005 WL 1972551 (S.D. Ohio, Aug. 12, 2005) (stakeholder not discharged on basis of counterclaim for independent liability against insurer for negligent loss of change of beneficiary form).  This is not to say, however, that all counterclaims against stakeholders are appropriate.  Claims against a stakeholder that are not independent of the interpleaded fund, such as a claim that the stakeholder should have paid the fund to a particular claimant rather than seek interpleader, are routinely dismissed because they would deprive the stakeholder of the intended benefit of an interpleader action.  *Met. Life Ins. Co. v. Barretto*, 178 F.Supp.2d 745, 747-48 (S.D. Tex. 2001).  Counterclaims that assert liability on the part of the stakeholder independent of the counterclaimant's rights to the disputed fund can, however, be asserted.  E.g., *Deshotel*, 142 F.3d at 882.

## II.     Analysis

The parties here do not contest the propriety of the interpleader action in this case.  Westlake has possession of the Fund, there are competing claims to the Fund, and Westlake itself has no such claim.  Therefore, the first stage of the analysis is quite simple.  Westlake has satisfied the requirements for filing an interpleader action, and it will be permitted to pay the Fund into the registry of the court.

The dispute in this matter is with respect to Westlake's status in this case going forward.  As noted above, a stakeholder with no interest in the fund at issue is normally discharged from the suit, and the claimants are left to litigate their competing claims.  The only party objecting to Westlake's motion seeking discharge in this matter is Louisiana Crane.  More specifically, Louisiana Crane argues that, should it not obtain full satisfaction of its claim from the interpleaded funds, then Westlake would be independently liable for any shortfall.

4

There is, however, no counterclaim asserted against Westlake in this case by any defendant. Indeed, Louisiana Crane's argument appears to be that it *might* choose to file such a counterclaim in the future.  Louisiana Crane's potential claim against Westlake is not properly before the court for decision at this time.[2]  While the court has authority to deny discharge to a stakeholder against whom a counterclaim **has** been asserted, it is unaware of any case supporting the proposition that a stakeholder with no interest in the interpleaded funds should be denied discharge on the basis of a potential counterclaim.[3]  Accordingly, Westlake will be permitted to pay the Fund into the registry of the court and it will be dismissed from this case.

## III.    Attorneys fees.

An award of costs and reasonable attorneys' fees in an interpleader action is within the discretion of the court.  *Rhoades v. Casey*, 196 F.3d at 603.  In fact, "costs and attorney's fees are generally awarded by federal courts to the plaintiff who initiated the interpleader as a mere stakeholder . . . ."  *Mass. Indem. & Life Ins. Co.*, 700 F.Supp. 307 (M.D. La. 1988) (citing *Perkins State Bank v. Connolly*, 632 F.2d 1306 (5th Cir. 1980)).  A stakeholder should be denied costs and fees only when it was "in substantial controversy with one of the claimants" and, hence, was not "disinterested."  *Rhoades v. Casey*, 196 F.3d at 603.

---

[2]    As Circuit Judge Garza recently noted, "[f]ederal courts are only permitted to rule upon an actual 'case or controversy,' and lack jurisdiction to render merely advisory opinions beyond the rulings necessary to resolve a dispute."  *Whitehouse Hotel Ltd. Partnership v. C.I.R.*, 615 F.3d 321, 343 (5th Cir. 2010).

[3]    And, for that matter, a potential counterclaim that may be barred for one or more reasons if and when it is asserted.  This same lack of a justiciable controversy also prevents the court from ruling on Westlake's motion to the extent it seeks to adjudicate a claim that has not been pleaded.

Here, the only controversy has been between Westlake and Louisiana Crane, and it involves a potential counterclaim that has not been pleaded.  The court finds that this is not a substantial controversy for purposes of Westlake's request for costs and attorneys fees.  Westlake is a disinterested shareholder with respect to the fund, and to the claims that are before the court. Westlake's request for attorneys' fees and costs is GRANTED.

Attorneys' fees and costs "are generally awarded against the interpleader fund, but may, in the discretion of the court, be taxed against one of the parties when their conduct justifies it." *Septembertide Pub., B.V. v. Stein and Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989) (citing *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1497-98 (11th Cir. 1986)).  Here, the only impediment to this case proceeding as a "normal" interpleader action, with Westlake paying the funds into the court and then being discharged, has been Louisiana Crane's insistence that Westlake should not be dismissed because of a counterclaim that Louisiana Crane has prevented this court from addressing by not asserting it.  If Louisiana Crane has a ripe counterclaim, it ought to have been raised.  If it does not, it should not have engaged the parties and the court in unnecessary motions practice.

Westlake's attorneys' fees and costs should, therefore, be paid as follows:  (1) all sums associated with the initial filing of this interpleader action shall be paid from the Fund; and (2) all costs and fees associated with the filing the motion to dismiss (Dkt. 21) and related pleadings shall be paid by Louisiana Crane.

## Conclusion

No party objects to the motion seeking to have the funds held by Westlake deposited into the court's registry. Thus, Westlake is authorized to pay the fund into the registry of the court and, upon such payment, is DISCHARGED from this suit. The parties are ENJOINED from filing any claims against the Fund in any other court. The court declines to rule prospectively on the viability of any claim that Louisiana Crane may or may not choose to assert in the future.

Westlake shall file a statement of its attorneys' fees and expenses on or before February 28, 2011, in accordance with the above ruling. Objections to the statement of fees, if any, shall be filed on or before March 7, 2011.

Signed at Houston, Texas on February 16, 2010.

_____
Gray H. Miller
United States District Judge