UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESTLAKE STYRENE, LLC, | § | |
| | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-2631 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
|    *Defendants*. | § | |

**MEMORANDUM AND ORDER**

Before the court in this interpleader action is a motion by defendant Compass Bank for judgment on the pleadings with respect to defendant Louisiana Crane Company's ("Louisiana Crane") claim to the disputed funds ("Fund") that have been paid into the court's registry. Dkt. 30. After review of the motion, the responses, the reply, and the applicable law, the motion is DENIED.

**BACKGROUND**

Westlake filed an original interpleader petition in the 269th Judicial District of Harris County, Texas, on June 29, 2010, alleging that it had settled a lawsuit whereby it agreed to pay $1,490,000 to Compass Bank and/or Quality Contract Services, Inc. ("Quality"). Dkt. 1-1. However, due to competing claims to any monies due and owing to Quality, Westlake sought to pay the Fund into the court registry and sought an order dismissing it from the action. *Id*.

The United States of America removed the matter to this court on July 23, 2010, on the basis that the claim asserted by the Internal Revenue Service ("IRS") to the Fund invokes this court's federal question jurisdiction. Dkt. 1. Defendant Louisiana Crane filed its answer on July 30, 2010, and asserted that it had a priority right to the Fund, although it did not assert a counterclaim against Westlake. Dkt. 8.

Westlake sought an order permitting it to pay the Fund into the registry of the court, and discharging it from this suit with prejudice.  Dkt. 21.  Louisiana Crane objected to Westlake's motion, and asserted that Westlake, along with Quality, improperly settled the underlying state court litigation without either obtaining Louisiana Crane's consent, or ensuring that a judgment Louisiana Crane obtained in Louisiana state court prior to the settlement would be satisfied.  Dkt. 24 at 5-6.  The court granted Westlake's motion to deposit the Fund, and dismissed Westlake from the action because, regardless of whether Louisiana Crane possessed a potential claim against Westlake, it had not asserted such a claim in this action.  Dkt. 28.

Now, Compass Bank seeks judgment on the pleadings with respect to Louisiana Crane's claim to the Fund.  Dkt. 30.  Defendants Quality Contract Services, Inc. and Reaud, Morgan &Quinn, LLP join in that motion.  Dkt. 33.  The United States, while agreeing that it is "extremely unlikely" that Louisiana Crane will recover from the Fund in light of the potential claims of the other parties, believes that such a determination must await a "superior evidentiary challenge," and cannot be accomplished at the pleading stage.  Dkt. 31.  More specifically, the United States believes that Louisiana Crane has at least pleaded a potential right to recovery, but that it is nonetheless not likely to be able to prove a priority interest in the Fund.

**I.      Interpleader.**

An interpleader action typically proceeds in two stages.  This case is already past the first stage, which consists of the court determining that there is a single fund at issue with more than one adverse claimant to that fund.  *Rhoades v. Casey*, 196 F.3d 592, 600-601 (5th Cir. 1999).  The second stage involves a determination of the respective rights of the claimants.  *Id*.  "When there is no genuine issue of material fact the second stage may be adjudicated at summary judgment,"

however, if the case reaches trial "each claimant must prove their right to the fund by a preponderance of the evidence." *Id*. at 600.

Compass Bank seeks to obtain judgment on the pleadings with respect to Louisiana Crane's claim for the very practical reason that the remaining parties have apparently agreed concerning the priority of their respective claims to the Fund. Dkt. 30 at 1-2 (Compass Bank asserts that "the dismissal of the claims of Louisiana Crane would allow the entry of a final judgment in this case.").

Louisiana Crane responds that it has not only pled a claim to the Fund, but that it has pled a claim that gives it priority over the claims made by all other claimants. Dkt. 35. Further, and in partial agreement with the position taken by the United States, Louisiana Crane asserts that "[n]o other competing claimant, including Compass Bank, has established a perfected interest in the interpleaded funds which supercedes or prevails over" Louisiana Crane's claim. *Id*. at ¶ 32.

**II.     Legal Standard.**

A Rule 12(c) motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir.1990) (per curiam) (citing 5A Wright & Miller, Fed. Prac. & P. § 1367, at 509–10 (1990)). The standard for evaluating a Rule 12(c) motion is the same as the standard for evaluating a Rule 12(b)(6) motion for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir. 2002).

The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In order to survive a motion to dismiss, the "complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S.Ct. 1955 (2007)). This plausibility standard requires the plaintiff to plead facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Pleadings must be sufficient to nudge plaintiff's claims across the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

**III.    Analysis.**

Louisiana Crane asserts that its right to the Fund arises from a Louisiana judgment against Quality that it alleges it obtained on September 17, 2008. Dkt. 35 at ¶ 9. At this time, there were two lawsuits pending between Quality and Westlake, one in Texas, and one in Louisiana. On November 3, 2008, Louisiana Crane filed a "Writ of Fieri Facias" thereby "seizing all of [Quality's] interest" in a pending Louisiana lawsuit filed by Quality against Westlake. *Id*. at ¶ 12. The judgment Louisiana Crane obtained against Quality was then "domesticated" in Texas on January 9, 2009. In February, 2010, Westlake and Quality reached a settlement of all of their claims in the Texas litigation, and the Fund is the result of that settlement agreement. Louisiana Crane alleges that the fact that it obtained its judgment against Quality more than a year before the settlement agreement between Quality and Westlake results in Louisiana Crane's claim having priority over any other claims to the settlement proceeds, which now constitute the Fund. *Id*. at ¶ 16.

Compass Bank asserts that Louisiana Crane's claim to having a priority claim against the settlement funds is wrong and, in fact, that Louisiana Crane has nothing more than a "money judgment" against Quality. Dkt. 30 at ¶ 15. Compass Bank argues that Louisiana Crane has not

4

stated a claim to the Fund, and, therefore, that its claim should be dismissed, leaving the remaining parties to settle their dispute.

The difficulty with Compass Bank's analysis is, as the United States points out, that even if Louisiana Crane has only a "money judgment" against Quality, that money judgment is, at least, a facially plausible claim against the Fund that must be defeated by another claim that the court finds has priority. The court is not in a position at the pleading stage to decide priority because the parties' respective rights to the Fund have yet to be established. The court voices no opinion on whether this is a case where the parties' competing claims "may be adjudicated at summary judgment." *Rhoades*, 196 F.3d at 600.

## CONCLUSION

After consideration of the motion, the responses, and the applicable law, the motion for judgment on the pleadings (Dkt. 30) is DENIED.

Signed at Houston, Texas on April 19, 2011.

_____
Gray H. Miller
United States District Judge

5